UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROYAL PALM SENIOR INVESTORS, LLC,

                                    Plaintiff,

                    -against-

CARBON CAPITAL II, INC.,

                                    Defendant.

---

08 Civ. ____

COMPLAINT

Plaintiff Royal Palm Senior Investors, LLC ("Royal Palm"), by and through its attorneys, Arnold & Porter LLP, as for its Complaint against defendant Carbon Capital II, Inc. ("Carbon Capital") alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment to prevent Carbon Capital from interfering with Royal Palm's right and ability to manage and market for sale the Royal Palm Hotel, located in Miami Beach, Florida.

## THE PARTIES

2.    Plaintiff Royal Palm is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business in the State of Florida. The members of Royal Palm are citizens and residents of the States of Delaware, Michigan, Florida, Illinois and Ohio.

3.    On information and belief, defendant Carbon Capital is a corporation duly organized and existing under the laws of the State of Maryland, having its principal place of business at 40 East 52nd Street, New York, New York 10022.

## THE AMOUNT IN CONTROVERSY

4.      The amount in controversy between Royal Palm and Carbon Capital exceeds the sum or value of Seventy-five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs.

## JURISDICTION AND VENUE

5.      The United States District Court for the Southern District of New York has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (a), (b) and (c).

6.      Venue is proper in this District because Carbon Capital, by agreement, irrevocably consented to venue in any federal, state, county or municipal court sitting in the State of New York with respect to any action brought by Royal Palm concerning the subject matter of this lawsuit, and because Carbon Capital resides in this District.

## FACTS

7.      On or about February 18, 2005, Royal Palm executed a promissory note (the "Note") made payable to the order of Carbon Capital.

8.      Also on or about February 18, 2005, Royal Palm and Carbon Capital entered into a loan agreement (the "Loan Agreement").

9.      On or about October 24, 2007, the parties entered into a settlement agreement (the "Settlement Agreement"), between Royal Palm, Carbon Capital and certain guarantors.

10.     As part of the Settlement Agreement, the parties each made promises to the other. Carbon Capital, inter alia, covenanted to make the mortgage payments on behalf of the Royal Palm Hotel for months of October 2007, November 2007, December 200 and January 2008. For its part, Royal Palm agreed, inter alia, by March 31, 2008 either pay to Carbon Capital the

amount set forth in the Settlement Agreement, or to cause the sale of the Royal Palm Hotel, or refinance the Loan.

11.    On March 25, 2008, counsel to Carbon Capital informed Royal Palm by letter that Royal Palm had purportedly failed to comply with the terms and conditions of the Settlement Agreement.

12.    On April 1, 2008, counsel to Carbon Capital informed Royal Palm by letter that Royal Palm had purportedly failed to comply with other terms and conditions of the Settlement Agreement.

13.    Carbon Capital contends that, by virtue of Royal Palm's default under the Settlement Agreement, it is now the managing member of the Royal Palm Hotel, and that 99.9% of Royal Palm's membership interest in the Royal Palm Hotel had been automatically conveyed to Carbon Capital.

14.    Royal Palm has not defaulted under the Settlement Agreement.  Rather, it was Carbon Capital that failed to make the required mortgage payments on behalf of the Royal Palm Hotel.  On information and belief, it was Carbon Capital, either directly or indirectly, that interfered with Royal Palm's ability either to repay the loan or to resell the Royal Palm Hotel on or before March 31, 2008.

15.    On April 3, 2008, Carbon Capital brought an action in the Commercial Division of New York State Supreme Court, seeking declaratory and injunctive relief, alleging that Royal Palm and Mitchell had violated the Settlement Agreement, principally by failing to complete the sale of the Royal Palm Hotel by March 31, 2008.

16.    On April 16, 2008, Royal Palm and Mitchell removed that action to the United States District Court for the Southern District of New York.

17.    On April 17, 2008, the Court denied Carbon Capital's motion for a temporary restraining order transferring control of the Royal Palm Hotel to Carbon Capital and scheduled an evidentiary hearing for May 1, 2008 on Carbon Capital's motion for a preliminary injunction.

18.    The parties negotiated a stipulated stand-still order and a confidentiality order, and undertook expedited discovery.

19.    On April 30, 2008, at Carbon Capital's request, the parties appeared before the Court, at which time the evidentiary hearing was postponed until May 13, 2008.

20.    On May 7, Carbon Capital dismissed its action without prejudice.

21.    Carbon Capital has also attempted to avail itself of the inconsistent remedy of a UCC foreclosure sale.

22.    Under the Settlement Agreement, if control of the Royal Palm Hotel is transferred from Royal Palm to Carbon Capital, the proceeds of any sale of the hotel in excess of the hotel's mortgage and the amount due on the Note are due to Royal Palm.

23.    A foreclosure sale will necessarily impair the sale value of the Royal Palm Hotel, thus reducing or eliminating Royal Palm's profits.

24.    On April 18, 2008, after the Court declined to issue a temporary restraining order transferring control of the Royal Palm Hotel to Carbon Capital, Carbon Capital issued a UCC Foreclosure Notice, contemplating a sale at 11:00 am on May 5, 2008.

25.    Following the April 30 court conference, Carbon Capital agreed to delay its foreclosure sale until after the hearing on its injunction motion.

26.    On May 1, 2008, Carbon Capital amended its UCC Foreclosure Notice for a sale on May 21, 2008.

27.    Carbon Capital has no right to foreclosure under the Settlement Agreement.

## FIRST CLAIM FOR RELIEF

28.    Royal Palm repeats and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.    Royal Palm is not in default under the Settlement Agreement.

30.    Carbon Capital has materially breached its obligations under the Settlement Agreement.

31.    Carbon Capital has interfered with Royal Palm's right to satisfy its obligations under the Settlement Agreement

32.    Carbon Capital has wrongly declared Royal Palm in default under the Settlement Agreement and has issued a Notice of Foreclosure.

33.    An actual, ripe, justiciable controversy exists between Royal Palm and Carbon Capital as to their respective rights and obligations under the Settlement Agreement, and this Court is empowered to grant relief under 28 U.S.C. § 2201.

34.    Royal Palm is entitled to a declaratory judgment that: (i) Royal Palm is not in default under the Settlement Agreement; (ii) Carbon Capital is not entitled to exercise any remedies under the Settlement Agreement, including foreclosure; and (iii) Royal Palm is entitled to a reasonable period of time to satisfy its obligations under the Settlement Agreement.

## SECOND CLAIM FOR RELIEF

35.    Royal Palm repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    Royal Palm will be irreparably injured in the event that Carbon Capital exercises any of its remedies under the Settlement Agreement, including the remedy of foreclosure.

37.    Royal Palm has no adequate remedy at law.

38.     Royal Palm is entitled to preliminary and permanent injunctive relief barring Carbon Capital from exercising any remedies under the Settlement Agreement.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Royal Palm demands judgment against defendant Carbon Capital:

(a)     On its First Claim for Relief, an order adjudging, declaring, and decreeing that: (i) Royal Palm is not in default under the Settlement Agreement; (ii) Carbon Capital is not entitled to exercise any remedies under the Settlement Agreement, including foreclosure; and (iii) Royal Palm is entitled to a reasonable period of time to satisfy its obligations under the Settlement Agreement;

(b)     On its Second Claim for Relief, preliminary and permanent enjoining Carbon Capital from exercising any remedies under the Settlement Agreement;

(c)     An award of all costs and disbursements, including actual attorneys' fees, that Royal Palm incurs in this action; and

(d)    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 7, 2008

                          ARNOLD & PORTER LLP

By: _____
                  H. Peter Haveles, Jr.
                  Jonathan N. Francis
                  399 Park Avenue
                  New York, NY  10022
                  (212) 715-1000
                  Peter_Haveles@aporter.com

                  Attorneys for Plaintiff