USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUY T. MITCHELL,

        Plaintiff,

  -against-

CARBON CAPITAL II, INC.,

        Defendant.

---

08 Civ. 4319 (JES)

## CONFIDENTIALITY STIPULATION AND ORDER

  IT IS HEREBY STIPULATED AND AGREED by the undersigned, attorneys for the parties herein, as follows:

  **1. PARTIES.**

  The parties to this Confidentiality Stipulation (the "Stipulation") are (a) plaintiff Guy T. Mitchell and (b) defendant Carbon Capital II, Inc. ("Carbon II").

  **2. PURPOSE.**

  Pursuant to Federal Rule of Civil Procedure 26, the parties enter this Stipulation to protect and preserve the confidentiality of information and materials that may be disclosed, produced, exchanged or submitted in this action.

  **3. MATERIALS COVERED.**

  The terms of this Stipulation apply to (1) any materials produced in discovery in this action (the "Action"), (2) any deposition, court filing, discovery request or response, and upon permission of the Court, any court proceeding, and any transcript thereof, in this Action, and (3) any abstracts, summaries or notes of information contained in or derived from any of the foregoing documents or depositions. Such materials shall be presumptively "Confidential," and shall contain the designation "Confidential," and may be further protected by designation as

"Highly Confidential," as described in paragraph 5 below. Furthermore, no materials, as described in this paragraph, or information contained therein, shall be otherwise disclosed, in writing, orally or by any other means, except as authorized by this Stipulation.

### 4. DISCLOSURE OF DOCUMENTS.

All materials described in paragraph 3, above, which shall be designated as "Confidential" or "Highly Confidential" (collectively, "Confidential Materials"), shall not be disclosed to any person, corporation or entity for any purpose except as otherwise provided herein, shall be used only for the purpose of this action and shall not be used at any time for any other purpose whatsoever. The use of materials or information otherwise in the possession of any party, or that becomes public other than by violation of this Stipulation, shall not be subject to these restrictions.

### 5. "CONFIDENTIAL" MATERIAL.

(a) All materials described in paragraph 3, above, shall be designated "Confidential" or "Highly Confidential" by any party or entity subject to discovery in this action (the "Producing Party") pursuant to the terms of this Stipulation. Such materials may be disclosed only for the purpose of this action and not for any other purpose. Such disclosure may be made only to:

(i) The parties, including employees of the parties' affiliates in connection with this matter, as well as the real estate broker, Eastdil Secured, L.L.C.;

(ii) The attorneys for the parties, including the employees of any attorney to the extent reasonably necessary;

(iii) The Court, court reporters and other persons employed by the Court; and

    (iv) Any expert who is retained by a party, but such disclosure to any expert shall be limited to only those Confidential Materials as are necessary to enable him/her to render the assistance required and shall not be permitted to retain copies after his/her assistance is ended.

  (b) With respect to any Confidential Material designated as "Highly Confidential," only each party's attorneys and employees of its attorneys, and no "Highly Confidential" material, or information contained therein, shall be otherwise disclosed, in writing, orally or by any other means, to any employee, agent or representative of such party except as authorized by subparagraphs (b) or (c) of this paragraph;

    (i) To the extent that a portion of a particular document is determined to be "Highly Confidential," a copy of the document shall be produced in redacted form and shall include the designation "Confidential," and another copy of the document shall be produced in unredacted form and shall include the designation "Highly Confidential"; and

    (ii) Subject to the restrictions on disclosing "Highly Confidential" material as set forth in paragraph 5(c), deposition and trial witnesses to the extent such materials are relevant to the subjects and scope of their testimony.

  (c) Each person described in subparagraphs (a)(iv) and (b) of this paragraph to whom Confidential Material is disclosed shall read this Stipulation and shall execute an undertaking in the form attached as Exhibit A and shall agree to be bound by this Stipulation.

  (d) Carbon II's auditors shall be permitted access to "Confidential" Material, but shall not be permitted access to "Highly Confidential" Material, provided that they execute an undertaking in the form attached as Exhibit A and agree to be bound by this Stipulation. Carbon II's auditors may not share the "Confidential" information with anyone not entitled to

such information under this agreement, except that the auditors may provide oral summaries to investors based on the information set forth in the "Confidential" material.

(e) A party may request permission to disclose "Confidential" or "Highly Confidential" Materials to a specific individual not authorized under subparagraphs (a) or (b) of this paragraph to have access thereto, and such request shall be in writing, and shall identify the individual and state the reason for the request. Such request may only be granted in writing, and shall attach thereto a copy of the request. If the parties are unable to resolve the request by agreement, the dispute shall be presented to the Court for resolution pursuant to the provisions of paragraph 7 hereof.

### 6. INVOCATION OF THIS STIPULATION.

The protection of this Stipulation shall be invoked with respect to any covered material in the following manner. With respect to documents or the response to any discovery request, the copy of the document or response when copied and delivered to a party shall bear the clear and legible designation "Confidential" or "Highly Confidential." With respect to any deposition, "Highly Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition or (2) designating specific pages as "Highly Confidential," and serving such designations within twenty business (20) days of receipt of the transcript of the deposition in which the designations are made or such reasonable time under the circumstances as the parties may agree. All deposition transcripts shall be treated as "Confidential" or "Highly Confidential" for the twenty-day period following receipt of each transcript.

### 7. CHALLENGE TO DESIGNATION.

A party hereto may apply to the Court for an order modifying or removing the "Highly Confidential" designation with respect to any material. Prior to filing any such motion, such party shall contact the other party (and the Producing Party, if not a party) in a good faith

effort to resolve the dispute. Any material designated as "Highly Confidential" shall be treated as such under the provisions of this Stipulation until further order of the Court. The burden of proving that the materials should maintain their "Highly Confidential" status must be met by the Producing Party. There shall be no obligation to challenge a "Highly Confidential" designation when made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. **HANDLING AND DISPOSITION OF MATERIALS; HANDLING AT CONCLUSION OF CASE.**

All Confidential Materials shall remain in the possession of the parties, and they shall not permit any such materials to leave their possession, except as follows:

(1) Copies of any "Confidential" or "Highly Confidential" materials may be made for the use of those lawyers and employees of the parties working directly on this matter;

(2) One copy of any "Confidential" or "Highly Confidential" material may be made for use by an expert, such copy being retained in the expert's office at all times and securely maintained;

(3) Copies may be submitted to the Court in connection with any proceedings, motions or hearings, provided that such materials are filed under seal. Such materials shall be kept under seal until further order of the Court.

Within 60 days after the termination of this action, each party shall return all Confidential Material (including, but not limited to, the copies in the possession or control of any Expert) to the Producing Party. In lieu of returning Confidential Material, counsel for the Producing Party may agree to accept a written certification that all such Confidential Materials have been destroyed; provided however, that counsel may retain attorney work product and copies of papers filed with the Court, so long as such materials continue to be maintained in accordance with the provisions hereof. If the documents are not returned or destroyed, the party

that produced such materials shall be entitled to reasonable costs and attorney's fees incurred in securing return of the documents or certification of their destruction.

### 9. FURTHER APPLICATION.

Nothing in this Stipulation shall preclude any party hereto from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this investigation.

### 10. USE IN PROCEEDINGS.

Before trial of this Action or any hearing involving "Confidential" or "Highly Confidential" Materials or information derived therefrom, counsel for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial or hearing. Nothing in this Stipulation and Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

11.  **MODIFICATION.**

The parties hereto may modify any of the provisions of this Stipulation only by written agreement among all the parties hereto or may move in court by application for an appropriate modification.

Dated:  New York, New York
        May 21, 2008

                                            ARNOLD & PORTER LLP

                                            By: _____
                                               H. Peter Haveles, Jr.
                                               Jonathan N. Francis
                                               399 Park Avenue
                                               New York, NY 10022
                                               (212) 715-1000
                                               Peter_Haveles@aporter.com

                                               Attorneys for Plaintiff

                                               SIDLEY AUSTIN LLP

                                            By: _____
                                               Nicholas P. Crowell
                                             Isaac S. Greaney
                                             Alex J. Kaplan
                                             787 Seventh Avenue
                                             New York, New York 10019
                                             (212) 839-5300
                                             ncrowell@sidley.com
                                             igreaney@sidley.com
                                             ajkaplan@sidley.com

                                               Attorneys for Defendant

SO ORDERED:

_____
                U.S.D.J.
Dated:

            5-27-08

## EXHIBIT A

## AGREEMENT CONCERNING DOCUMENTS SUBJECT TO THE CONFIDENTIALITY STIPULATION, DATED MAY __, 2008

_____ who maintains his (her) address at _____ and is employed by _____ hereby acknowledges that:

(1) He/she has read the Stipulation and Order dated May __, 2008 and understands the terms thereof and agrees to be bound by such terms;

(2) He/she will not reveal the contents of "Confidential" or "Highly Confidential" material to any unauthorized person as defined in the Stipulation;

(3) He/she will use "Confidential" or "Highly Confidential" material only in accordance with the terms of the Stipulation and Order dated May __, 2008 and will not use such material for business or competitive purposes or for any purpose other than in furtherance of this action; and

(4) He/she consents and submits to the jurisdiction of the proper court for purposes of enforcement of the Stipulation and Order dated May __, 2008.

Dated: New York, New York,
_____, 2008

_____