UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUY T. MITCHELL and ROYAL PALM SENIOR
INVESTORS, LLC,

                              Plaintiffs,

           -against-

CARBON CAPITAL II, INC.,

                            Defendant.

08 Civ. 4319 (JES)

**REPLY TO COUNTERCLAIM**

      Plaintiff Guy T. Mitchell replies to the Counterclaim of defendant Carbon Capital II, Inc. ("Carbon Capital") as follows:

      1.      Denies the allegations in paragraph 1 of the Counterclaim, except admits that (i) on or about October 24, 2007, Royal Palm Senior Investors, LLC ("Royal Palm") and individual guarantors entered into a Settlement Agreement with Carbon Capital (the "Settlement Agreement"), (ii) on or about February 18, 2005, Mitchell executed a Guaranty Agreement (the "Guaranty"), and (iii) Carbon Capital has filed a counterclaim against Mitchell for a declaratory judgment and monetary relief, as well as attorneys' fees.

      2.      Denies the allegations in paragraph 2 of the Counterclaim.

      3.      Denies the allegations in paragraph 3 of the Counterclaim.

      4.      Denies the allegations in paragraph 4 of the Counterclaim.

      5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Counterclaim.

      6.      Admits the allegations in paragraph 6 of the Counterclaim.

7.    Denies the allegations in paragraph 7 of the Counterclaim, except admits that Mitchell, on behalf of Royal Palm Junior Investors, LLC, previously managed Royal Palm.  As of this date, Royal Palm is managed by Albert M. Rosenblatt, as receiver.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Counterclaim, except admits that Carbon Capital loaned money to Royal Palm.

9.    Denies the allegations in paragraph 9 of the Counterclaim, except admits that on or about February 18, 2005, Royal Palm executed a promissory note (the "Note") and entered into a loan agreement with Carbon Capital (the "Loan Agreement").

10.    Denies the allegations in paragraph 10 of the Counterclaim, and refers the Court to the Note for the terms thereof.

11.    Denies the allegations in paragraph 11 of the Counterclaim, and refers the Court to the Note and Loan Agreement for the terms thereof.

12.    Denies the allegations in paragraph 12 of the Counterclaim, and refers the Court to the Note and Loan Agreement for the terms thereof.

13.    Denies the allegations in paragraph 13 of the Counterclaim, except admits that on or about February 18, 2005, Mitchell executed the Guaranty and refers the Court to the Guaranty for the terms thereof.

14.    Denies the allegations in paragraph 14 of the Counterclaim, and refers the Court to the Guaranty for the terms thereof.

15.    Denies the allegations in paragraph 15 of the Counterclaim, and refers the Court to the Guaranty for the terms thereof.

16.    Denies the allegations in paragraph 16 of the Counterclaim, and refers the Court to the Guaranty for the terms thereof.

17.    Denies the allegations in paragraph 17 of the Counterclaim, and refers the Court to the Guaranty for the terms thereof.

18.    Denies the allegations in paragraph 18 of the Counterclaim, and refers the Court to the Guaranty for the terms thereof.

19.    Denies the allegations in paragraph 19 of the Counterclaim, except admits that Royal Palm did not repay the indebtedness under the Loan Agreement on or before March 9, 2007.

20.    Denies the allegations in paragraph 20 of the Counterclaim, and refers the Court to the Loan Agreement for the terms thereof.

21.    Admits the allegations in paragraph 21 of the Counterclaim.

22.    Admits the allegations in paragraph 22 of the Counterclaim.

23.    Admits the allegations in paragraph 23 of the Counterclaim.

24.    Admits the allegations in paragraph 24 of the Counterclaim.

25.    Denies the allegations in paragraph 25 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

26.    Denies the allegations in paragraph 26 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

27.    Denies the allegations in paragraph 27 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

28.    Denies the allegations in paragraph 28 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

29.    Denies the allegations in paragraph 29 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

30.     Denies the allegations in paragraph 30 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

31.     Denies the allegations in paragraph 31 of the Counterclaim, except admits that Mitchell received a letter from Detra Shaw-Wilder on or about March 25, 2008 (the "March 25 Letter"), and otherwise refers the Court to the March 25 Letter for the contents thereof.

32.     Denies the allegations in paragraph 32 of the Counterclaim, and refers the Court to the March 25 Letter for the contents thereof.

33.     Denies the allegations in paragraph 33 of the Counterclaim, except admits that Royal Palm did not repay the principal and interest due under the Settlement Agreement or close on the sale of the Royal Palm Hotel on or before March 31, 2008.

34.     Denies the allegations in paragraph 34 of the Counterclaim.

35.     Denies the allegations in paragraph 35 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

36.     Denies the allegations in paragraph 36 of the Counterclaim, except admits that Mitchell received a letter from Detra Shaw-Wilder on or about April 1, 2008 (the "April 1 Letter"), and otherwise refers the Court to the April 1 Letter for the contents thereof.

37.     Denies the allegations in paragraph 37 of the Counterclaim, and refers the Court to the April 1 Letter for the contents thereof.

38.     Denies the allegations in paragraph 38 of the Counterclaim, and refers the Court to the April 1 Letter for the contents thereof.

39.     Denies the allegations in paragraph 39 of the Counterclaim, except admits that Mitchell's counsel sent an email to Detra Shaw-Wilder on or about April 2, 2008 (the "April 2 Email"), and otherwise refers the Court to the April 2 Email for the contents thereof.

40.     Denies the allegations in paragraph 40 of the Counterclaim, and refers the Court to the April 2 Email for the contents thereof.

41.     Denies the allegations in paragraph 41 of the Counterclaim.

42.     Denies the allegations in paragraph 42 of the Counterclaim.

43.     Repeats and realleges his responses to paragraphs 1 through 42 of the Counterclaim, as if set forth fully herein.

44.     Admits the allegations in paragraph 44 of the Counterclaim, except avers that Carbon Capital has materially breached the Settlement Agreement and is therefore barred from enforcing it.

45.     Denies the allegations in paragraph 45 of the Counterclaim.

46.     Denies the allegations in paragraph 46 of the Counterclaim.

47.     Denies the allegations in paragraph 47 of the Counterclaim.

48.     Repeats and realleges his responses to paragraphs 1 through 47 of the Counterclaim, as if set forth fully herein.

49.     Admits the allegations in paragraph 49 of the Counterclaim, except avers that Carbon Capital has materially breached the Settlement Agreement and is therefore barred from enforcing it or the Guaranty.

50.     Denies the allegations in paragraph 50 of the Counterclaim.

51.     Denies the allegations in paragraph 51 of the Counterclaim.

52.     Denies the allegations in paragraph 52 of the Counterclaim.

53.     Denies the allegations in paragraph 53 of the Counterclaim.

54.     Repeats and realleges his responses to paragraphs 1 through 53 of the Counterclaim, as if set forth fully herein.

55.     Denies the allegations in paragraph 55 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

56.     Denies the allegations in paragraph 56 of the Counterclaim, and refers the Court to the Settlement Agreement for the terms thereof.

57.     Denies the allegations in paragraph 57 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

58.     The Counterclaim fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

59.     Carbon Capital has materially breached the Settlement Agreement, and therefore is not entitled to enforce the Settlement Agreement or Guaranty Agreement and to obtain specific performance.

### THIRD AFFIRMATIVE DEFENSE

60.     Carbon Capital has breached the duty of good faith and fair dealing, and therefore is not entitled to enforce the Settlement Agreement or Guaranty Agreement and to obtain specific performance.

### FOURTH AFFIRMATIVE DEFENSE

61.     By the virtue of its conduct under the Settlement Agreement and its dealings with Royal Palm and Mitchell, Carbon Capital has unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

62.     Carbon Capital's claim that Royal Palm is in default under Sections 6.3.2, 6.3.3, 7.1 and Section 8 of the Settlement Agreement is barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, ratification and/or excuse.

### SIXTH AFFIRMATIVE DEFENSE

63.     Royal Palm was ready, willing and able to complete the sale of the Royal Palm Hotel in Miami Beach before March 31, 2008 in satisfaction of its obligations under Section 3.1 of the Settlement Agreement, but on information and belief that sale did not occur because of direct or indirect interference by Carbon Capital with its completion.

## SEVENTH AFFIRMATIVE DEFENSE

64.     As a result of Carbon Capital's breaches of the Settlement Agreement and interference with Royal Palm's satisfaction of its obligations under Settlement Agreement, Royal Palm is entitled to a reasonable extension of time to satisfy its obligations under Section 3.1 of the Settlement Agreement.

WHEREFORE, plaintiff Guy T. Mitchell demands judgment against defendant Carbon Capital:

(a)     Dismissing the Counterclaim in its entirety;

(b)     Granting plaintiff its costs, expenses and disbursements, including reasonable attorneys' fees; and

(c)    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 20, 2008

ARNOLD & PORTER LLP

By: _____

H. Peter Haveles, Jr.
Jonathan N. Francis
399 Park Avenue
New York, NY  10022
(212) 715-1000
Peter_Haveles@aporter.com

Attorneys for Plaintiff Guy T. Mitchell